JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN MARTINEZ, ANA MARTINEZ,<br><br>Plaintiffs,<br><br>v.<br><br>CAROLYN MARIE SOLTON,<br><br>Defendant. | Case No. SACV 17-00861-AG (KES)<br><br>ORDER REMANDING CASE TO STATE COURT |

**I.**

**BACKGROUND**

On April 5, 2017, Plaintiffs filed an unlawful detainer action against Defendant in the Orange County Superior Court, Case No. 30-2017-00912924-CL-UD-HNB. (Dkt. 1 at 6-8 [state court complaint].) On May 5, 2017, Defendant Carolyn Marie Solton filed a Notice of Removal of that action in this Court, accompanied by a request to proceed in forma pauperis ("IFP"). See Stephen Martinez, et al. v. Carolyn Marie Solton, 8:17-cv-00805-DOC-JDE. Defendant's request for IFP was denied at the matter remanded to state court on May 9, 2017. (Id. at Dkts. 6, 7.)

On May 16, 2017, Plaintiff filed the Notice of Removal and IFP request now before this Court, seeking again to remove Case No. 30-2017-00912924-CL-UD-HNB. (Dkts. 1, 3.) The Court again sua sponte REMANDS this action to the

1

California Superior Court for the County of Orange for lack of subject matter jurisdiction, as set forth below.

## II.

## DISCUSSION

"The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32 (2002) (quoting Great Northern R. Co. v. Alexander, 246 U.S. 276, 280 (1918)). Where Congress has acted to create a right of removal, those statutes are strictly construed against removal jurisdiction. Id.; Nevada v. Bank of Am. Corp., 672 F.3d 661, 667 (9th Cir. 2012); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Unless otherwise expressly provided by Congress, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013). The removing defendant bears the burden of establishing federal jurisdiction. Abrego v. Dow Chemical Co., 443 F.3d 676, 682 (9th Cir. 2006); Gaus, 980 F.2d at 566-67. "Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Protection, 537 U.S. at 33. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). It is "elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n.2

(9th Cir. 1988).

**A.     Federal Question Jurisdiction.**

The underlying action is an unlawful detainer proceeding, arising under and governed by the laws of the State of California. The state-court Complaint does not include any claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal defenses or federal counterclaims do not provide a basis to remove an action which does not otherwise establish federal jurisdiction. "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000). An "affirmative defense based on federal law" does not "render[] an action brought in state court removable." Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994). A "case may not be removed to federal court on the basis of a federal defense … even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 14 (1983). There is no basis for federal question jurisdiction.

**B.     Diversity Jurisdiction.**

There is also no basis for diversity jurisdiction. Every defendant is not alleged to be diverse from every plaintiff. 28 U.S.C. § 1332(a). Indeed, although Defendant claims that diversity is a basis for federal jurisdiction, she alleges that both the Plaintiffs and Defendant reside in Orange County. (Dkt. 1-1 at 2.)

Defendant also alleges that the amount in controversy "includes up to, but is not limited to, an actuary exceeding $75,000[.]" (Dkt. 1 at 2-3.) Here, the complaint does not allege damages in excess of $75,000; to the contrary, it is a limited civil action in which the amount in controversy does not exceed $10,000. (Id. at 6.) The amount in controversy in an unlawful detainer action is determined by the amount of damages sought in the complaint. HSBC Bank USA v. Kubik, No. 13-3257, 2013

WL 12155693, at *1 (C.D. Cal. June 3, 2013) (citing Evans v. Superior Court, 67 Cal. App. 3d 162, 170 (1977)).

**C.      Jurisdiction under 28 U.S.C. § 1443**

Section 1443(1) permits a defendant in state cases to remove the proceedings to the federal district courts when a defendant is "denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens in the United States." In order to successfully remove, the defendant must satisfy a two-prong test: 1) the rights allegedly denied must arise under a federal law providing for specific civil rights stated in terms of racial equality; and 2) the defendant must be denied or unable to enforce the rights in state courts. Johnson v. Mississippi, 421 U.S. 213, 219 (1975); City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 827-28 (1966); Georgia v. Rachel, 384 U.S. 780, 792 (1966). Under the first prong, constitutional or statutory provisions of general applicability or under statues not protecting against racial discrimination will not suffice. Johnson, 421 U.S. at 219. Under the second prong, a defendant's federal rights are left to the state courts except in rare situations where it can be clearly predicted that those rights will inevitably be denied by the very act of bringing the defendant to trial in state court. Peacock, 384 U.S. at 828. A defendant "must assert that the state courts will not enforce [a specified federal] right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." People of State of California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970).

Defendant invokes Section 1443 by alleging that Plaintiffs have violated "the [California] rules of evidence and civil procedure," specifically California Code of Civil Procedure § 128.7[1], by failing to authenticate evidence or provide proper

---

[1] California Code of Civil Procedure § 128.7, in most respects identical to Federal Rule of Civil Procedure 11, provides that when an attorney or unrepresented party presents pleadings to the court, he or she is certifying that the pleading is not

4

certification as to the complaint's legal and factual merits. (Dkt. 1 at 3.) Defendant claims that "Plaintiff's counsel … has used their knowledge of the law in attempting to prevent Defendant from fully and accurately presenting her case" in violation of "her due process right and equal protection under the 14th Amendment to protect her tenancy." (Dkt. 1 at 4.)

Defendant's bare assertions do not satisfy either prong of the Section 1443 test. First, Defendant does not allege the denial of any specific federal civil rights stated in terms of alleged racial discrimination. Second, Defendant has failed to identify any specific state statute or constitutional provision that commands the state courts to ignore her federal rights. See HSBC Bank USA v. Kubik, No. 13-1692, 2013 WL 1694670, at *3 (C.D. Cal.Apr.16, 2013) ("Defendant … does not, and cannot, identify any California state law or constitutional provision that commands state courts to ignore an amendment to the U.S. Constitution."). Defendant's claim that Plaintiffs are somehow violating state evidentiary and procedural rules is insufficient. Moreover, the allegations she does make are entirely conclusory in nature. Section 1443(1) will not provide jurisdiction where allegations of discrimination are conclusory and lacking factual basis. See Bogart v. California, 355 F.2d 377, 380-81 (9th Cir. 1966). Consequently, removal is not proper under § 1443(1).

**D.** **Federal Rule of Civil Procedure 11.**

Defendant, although proceeding pro se, is still subject to the requirements of Federal Rule of Civil Procedure 11. Rule 11(b) states, "By presenting to the court a pleading, written motion, or other paper … [an] unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after inquiry reasonable under the circumstances … the factual contentions have evidentiary support." Defendant's representation that the amount in controversy in the underlying

---

being presented for an improper purpose, raises non-frivolous issues, and that the factual contentions in the pleading have evidentiary support.

action exceeds $75,000 is contradicted by Plaintiffs' complaint, which clearly states that they filed a limited civil action with damages not to exceed $10,000. (Dkt. 1 at 6.) This Court has the power to impose sanctions for violating Rule 11. Fed.R.Civ.P. 11(c)(3). In any future legal pleadings, Defendant should refrain from making representations that lack evidentiary support.

Further, the Court notes that this is Defendant's second attempt to remove this action to federal court. <u>See</u> <u>Martinez v. Solton</u>, 8:17-cv-00805-DOC-JDE. Rule 11 also bars a party from filing pleadings that are presented to cause unnecessary delay in any court proceedings and from raising claims that the party has repeatedly been informed are not warranted by existing law. Fed.R.Civ.P 11(b)(2). Defendant is forewarned that future attempts to remove this action on the same grounds presented here and in her previous removal action may result in sanctions for violating Rule 11.

### III.
### CONCLUSION

This Court does not have subject matter jurisdiction over this case. IT IS THEREFORE ORDERED that this matter be REMANDED to the Superior Court of the State of California for the County of Orange.

DATED: May 19, 2017

_____
ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN E. SCOTT
United States Magistrate Judge